JOHN McBRIDE - 36458
CHRISTOPHER E. PLATTEN – 111971
CAROL L. KOENIG - 162037
WYLIE, McBRIDE, PLATTEN & RENNER
2125 Canoas Garden Avenue, Suite 120
San Jose, California 95125
Telephone: (408) 979-2920
Facsimile: (408) 979-2934

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Erik Westcott, Evan Seligman, Fernando Munoz, Galvin Charekian, Hyung Ro, James Froisland, Jarod Middleton, Jarrod Sniffen, Jason Bivens, Jason Schaefer, Jason Suarez, Jesus Corona, Joe Favorito, John Lee, John Pavloff, Jose Chavez, Joshua Smith, Kara Danielsen, Kenneth Folsom, Kevin Adams, Kevin Erbe, Kevin Stidham, Lars Melodia, Lawrence Chua, Mark Thomas, Martin Walker, Matthew Kelly, Michael Kahn, Michael Maas, Nelson Dawson, Oscar Tovar, Patrick Chung, Pedro Corona, Ramon Gamino, Raul Mayorga, Ray Trevino, Robert Adams, Robert Herrera, Robert Van Peteghem, Ryan Shea, Scott Coscarelli, Scott Diehl, Scott Nelson, Scott Trabert, Sean Ain, Sean Dilloughery, Shawn Tacklind, Soren Coats, Steven Biakanja, Steven Forman, Steven Nelson, Tremaine Thierry, Victor Loesche, Wade Katsuyoshi, William Sean Lovens, Alfred Ignacio III, Barry Ehlers, Brad Morales-McGibben, Brendan Buller, Bryan Marks, Cesar Martinez, Christopher Crowley, Christopher Murphy, Cuong Son, Daniel Rudy, David Thomas, Eric Hernandez, Eric Peters,

Plaintiffs,

v.

City of San Jose,

Defendant.

/

**Case No.**

**COMPLAINT FOR COMPENSATION, LIQUIDATED DAMAGES, DECLARATORY JUDGMENT AND OTHER RELIEF UNDER THE FAIR LABOR STANDARDS ACT (29 U.S.C. §§ 203, 207)**

## NATURE OF COMPLAINT

1. Plaintiffs are, or at all times material were, employees of the Defendant CITY OF SAN JOSE ("City"), California. This is an action for declaratory judgment under 28 U.S.C. sections 2201 and 2202 and for compensation and other further relief under the Fair Labor Standards Act, as amended, 29 U.S.C. sections 201, *et seq.*

## JURISDICTION AND VENUE

2. Venue lies within this district pursuant to 28 U.S.C. section 1391 and Local Rule 3-2(d) because the events giving rise to the action took place in Santa Clara County.

## INTRADISTRICT ASSIGNMENT

3. The basis for assignment to the San Jose Division, pursuant to Civil Local Rule 3-2(d), is that this action arises in the County of Santa Clara.

## PARTIES

4. Plaintiffs are, or at all times material were, firefighter employees of the City of San Jose and were engaged in fire suppression and protection for the City and currently work as Fire Captains.

5. Defendant City is a political subdivision of the State of California, a public agency within the meaning of 29 U.S.C. section 203(d).

## CLAIMS FOR RELIEF UNDER THE FAIR LABOR STANDARDS ACT

## (29 U.S.C. § 206(a))

6. At all times material, the Plaintiffs have been entitled to the rights, protections and benefits provided under the Fair Labor Standards Act (FLSA), as amended, 29 U.S.C. sections 201, *et seq.*

7. Under the FLSA and the Department of Labor's regulations applicable to firefighter employees, the employer may establish and declare a work period of not less than seven days nor more than 28 days. (29 U.S.C. §207; 29 C.F.R. §553.201.) The City has established and declared a work period of 28 days for employees who perform suppression work (shift employees).

8. The Fair Labor Standards Act sets thresholds for overtime liability. These thresholds require that the City pay shift employees assigned to a 28-day work period overtime compensation for all hours worked in excess of 212 hours per 28-day work period. (29 C.F.R. § 553.230) This overtime compensation must be paid at a rate of not less than one and one-half times the employee's regular rate of pay.

9. At varying times material, the Plaintiffs have worked hours in excess of the 212 hour threshold specified in the FLSA (29 U.S.C. section 207). As a result, the Plaintiffs have earned overtime compensation at a rate not less than one and one-half times the regular rate of pay for the hours of overtime worked over the FLSA threshold.

10. For the period commencing August 26, 2013 and forward Defendant has followed a practice of erroneously calculating the amount of the FLSA overtime earned and owing and has failed to pay part or all of the FLSA overtime earned to Plaintiffs. Plaintiffs are entitled to compensation for all unpaid FLSA overtime compensation earned.

11. The employment and work records for each Plaintiff are in the exclusive possession, custody and control of the City, and the Plaintiffs are unable to state at this time the exact amount owing to each of them. The City is under a duty imposed by 29 U.S.C. section 211(c) and the regulations of the U.S. Department of Labor to maintain and preserve payroll and other employment records with respect to Plaintiffs from which the amounts of the City's liability can be ascertained.

12. The failure of Defendant to properly calculate and pay Plaintiffs the full amount of the FLSA overtime earned and owed was and is willful in that Defendant had knowledge of its erroneous calculations, but failed to correct the same. As a result of these willful violations of the FLSA, overtime compensation has been unlawfully withheld by the City from Plaintiffs for which the City is liable pursuant to 29 U.S.C. section 216(b), together with an additional equal amount as liquidated damages, interest, reasonable attorney fees and the costs of this action.

13. Each of the Plaintiffs had previously joined as Plaintiffs in the lawsuit, *Wallace, et al. v. City of San Jose*, Northern District Court 5:16-cv-04914 HRL, a

conditionally certified collective action. That action was decertified by Court order on December 5, 2017 and the claims of each Plaintiff herein were dismissed without prejudice, with the statute of limitations for these plaintiffs tolled for 90 days from the date of that order.

**CLAIM FOR DECLARATORY RELIEF UNDER THE FAIR LABOR STANDARDS ACT**

14. Plaintiffs refer to and by reference incorporate the allegations contained in paragraphs 1-13 above.

15. An actual controversy has arisen and now exists between the parties relating to the proper calculation of FLSA overtime compensation earned and owing to Plaintiffs. Under the Memorandum of Agreement between Defendant and IAFF Local 230, the union representing Plaintiffs, the City has agreed to pay overtime at the rate of 1.5 times the basic rate of pay (contractual overtime) for all hours worked outside of the Plaintiffs' regularly scheduled hours. Plaintiffs contend that under the FLSA and pursuant to 29 C.F.R. sections 778.202 and 778.206. Defendant may take credit only for the premium portion of contractual overtime paid for contractual overtime hours worked below the FLSA threshold whereas Defendant claims that the amount of credit it is allowed consists of the full amount of contractual overtime paid for contractual overtime worked below the FLSA threshold.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment as follows:

1. That Defendant provide a full accounting of all hours worked and compensation paid by and to Plaintiffs for the period commencing March 11, 2013, and forward.
2. Payment to each Plaintiff of all sums owing as unpaid compensation together with liquidated damages in the amount of the unpaid compensation.
3. A declaration of the appropriate calculation of compensation owing for overtime worked by plaintiffs.
4. For interest on all sums owing.
5. For reasonable attorney's fees and costs of suit.

6. For such other than further relief as the Court deems just and proper.

Dated: March 2, 2018

Respectfully submitted,

WYLIE, McBRIDE,
PLATTEN & RENNER

/s/ John McBride
JOHN McBRIDE

/s/ Christopher E. Platten
CHRISTOPHER E. PLATTEN
Attorneys for Plaintiffs

/s/ Carol L. Koenig
CAROL L. KOENIG
Attorneys for Plaintiffs

I:\0230\72938\pleadings\complaint - captains.docx